1
2
3                          **UNITED STATES DISTRICT COURT**
4                               **DISTRICT OF NEVADA**
5                                      * * *
6   Tonkawa Tribe of Indians of Oklahoma, et          Case No. 2:20-cv-01637-GMN-BNW
7   al.,
                          Plaintiffs,                  **ORDER**
8
9          v.
10  Scientific Games Corporation, et al.,
11                          Defendants.
12

13          Presently before the Court are four related motions. First, Defendants filed a motion to

14  stay discovery. ECF No. 77. Plaintiffs responded at ECF No. 83, and Defendants replied at 85.

15  Second, the parties filed a proposed discovery plan and scheduling order. ECF No. 80. Third,

16  Defendants filed a motion for a protective order. ECF No. 84. Plaintiffs responded at ECF No. 88,

17  and Defendants replied at ECF No. 89. Fourth, Plaintiffs filed a motion to compel at ECF No. 91.

18  Defendants responded at ECF No. 93, and Plaintiffs replied at ECF No. 95.

19      **I.      Background**

20          This is a putative class action brought by certain plaintiff casinos. Plaintiffs generally

21  allege the following: Plaintiffs have been harmed by Defendants' monopolization of the sale of

22  automatic card shuffling machines. ECF No. 39. Defendants filed multiple sham litigations to

23  enforce invalid patents (that were obtained by committing a fraud on the U.S. Patent and

24  Trademark Office). *Id.* This conduct resulted in Defendants' unlawful monopoly of the automatic

25  card shuffling market. *Id.* Plaintiffs purchased card shuffling machines from Defendants at

26  increased, monopoly-based prices and thus were harmed by Defendants' conduct. *Id.* As a result,

27  Plaintiffs filed this suit. *Id.*

28

1    Defendants have since moved to dismiss this case. No. 49. Defendants argue that this case

2    should be dismissed because the statute of limitations has run. *Id.* Alternatively, Defendants move

3    to compel arbitration, arguing that the parties contracted to arbitrate disputes such as this. *Id.*

4    Defendants also argue that if the case is not dismissed or moved to arbitration, it should be

5    transferred to the Northern District of Illinois. *Id.* Plaintiffs oppose Defendants' motion to

6    dismiss, arbitrate, or transfer venue. ECF No. 54.

7    Plaintiffs also moved for partial summary judgment. ECF No. 50. Generally, Plaintiffs

8    argue that Defendants are collaterally estopped from relitigating whether they unlawfully

9    monopolized the automatic card shuffling market, as this issue was decided against Defendants in

10    another case. *Id.* Defendants disagree and oppose this motion. ECF No. 63.

11    In light of Defendants' pending motion to dismiss and Plaintiffs' pending motion for

12    partial summary judgment, Defendants moved to stay discovery. ECF No. 77. Plaintiffs opposed

13    this request. ECF No. 83. The parties reiterated their dispute about whether discovery should

14    proceed in their proposed discovery plan and scheduling order. ECF No. 80. Additionally,

15    Plaintiffs propounded discovery on Defendants, and Defendants moved for a protective order

16    based on their pending motion to stay discovery and other specific objections they have to

17    Plaintiffs' discovery requests. ECF No. 84. Plaintiffs opposed this motion (ECF No. 88) and filed

18    a motion to compel responses to their discovery requests. ECF No. 91. Defendants oppose this

19    motion to compel. ECF No. 93.

20    The Court will address Defendants' motion to stay discovery, followed by Defendants'

21    motion for a protective order, Plaintiffs' motion to compel, and the parties proposed discovery

22    plan and scheduling order.

23    **II.      Motion to Stay Discovery (ECF No. 77)**

24    Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*,

25    863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to grant a stay of discovery, the Court

26    is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive

27    determination of every action." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev.

28    2013). Accordingly, considerations of judicial economy and preserving the parties' resources may

1  warrant a stay in some cases. *U.S. for Use & Benefit of Newton v. Neumann Caribbean Int'l, Ltd.*,

2  750 F.2d 1422, 1426-27 (9th Cir. 1985).

3        The Federal Rules of Civil Procedure do not, however, provide for automatic or blanket

4  stays of discovery just because a potentially dispositive motion is pending. *See Skellerup Indus.*

5  *Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). In fact, a dispositive motion

6  ordinarily does not warrant a stay of discovery. *See Twin City Fire Ins. v. Employers of Wausau*,

7  124 F.R.D. 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175

8  F.R.D. 554, 556 (D. Nev. 1997). However, when a party moves for a stay because a dispositive

9  motion is pending, the court may grant the stay when "(1) the pending motion is potentially

10  dispositive; (2) the potentially dispositive motion can be decided without additional discovery;

11  and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion

12  and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*,

13  294 F.R.D. at 581.

14        Here, Defendants requested a stay of discovery because they have a potentially dispositive

15  motion pending, and Plaintiffs have a potentially partially dispositive motion pending. ECF No.

16  77. The Court reviewed the parties' briefs on the motion to stay discovery and took a preliminary

17  peek at their dispositive motions. Having conducted this preliminary peek, the Court is not

18  convinced that Plaintiffs will be unable to proceed with their claims in this Court. The Court is

19  neither convinced that Defendants will succeed on their statute of limitations defense at this point

20  in the litigation nor is it convinced that all Plaintiffs' claims are subject to arbitration. The Court

21  is also not convinced that this case should or will be transferred to the Northern District of

22  Illinois. The Court will not, however, provide an in-depth analysis of its evaluation of the motion

23  to dismiss.

24          The district judge will decide the dispositive motion and may have a different view
   of the merits of the underlying motion. Thus, this court's "preliminary peek" at the

25          merits of the underlying motion is not intended to prejudge its outcome. Rather,

26          this court's role is to evaluate the propriety of an order staying or
   limiting discovery . . . .

27

28

*Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). In the Court's broad discretion, it will order the parties to proceed with discovery because it is not convinced Defendants will succeed on their dispositive motion.

### III.     Motion for a Protective Order (ECF No. 84)

Defendants move for a protective order because they have a motion to stay discovery pending and because they have certain specific objections to Plaintiffs' discovery requests. *See* ECF No. 84. The Court will deny Defendants' motion to a protective order without prejudice because it is denying Defendants' motion to stay discovery and because it is not clear to the Court that the parties have fully met and conferred on Defendants' specific objections to Plaintiffs' discovery requests. *See id.* at 3 (meet and confer declaration); LR 26-7(c) (discovery motions must include "a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."); LR 16-1(d) ("In all cases, the court may order the parties to meet and confer to discuss . . . any other matters the court deems appropriate."). Furthermore, Defendants state in their responses and objections to Plaintiffs' discovery requests that they will amend their responses within 15 days of a ruling on Defendants' motions. *See* ECF No. 91-1. Accordingly, the Court will order Defendants to amend their responses within 15 days of this order. To the extent the parties disagree about the propriety of Defendants' responses and objections, they must meet and confer about each specific discovery request. If they cannot resolve their disputes, either party may file an appropriate motion.

### IV.     Motion to Compel (ECF No. 91)

Plaintiffs move to compel Defendants to respond to their discovery requests. ECF No. 91. The Court will grant Plaintiffs' motion in part and deny it in part. Plaintiffs' motion to compel is granted to the extent that the Court will order Defendants to respond to Plaintiffs' discovery requests, given that the Court is denying Defendants' motion to stay discovery and motion for a protective order. Plaintiffs' motion is denied to the extent it requests that Defendants be required to produce all responsive documents within 15 days. *See id.* at 5. The Court agrees with Defendants that 15 days is not a reasonable period within which to require Defendants to produce all responsive documents. *See* ECF No. 93 at 5. The Court also agrees with Defendants that it is

reasonable for the parties to meet and confer about when Defendants will begin producing documents. *See id.* Accordingly, and as previously stated, Defendants must amend their responses to Plaintiffs' discovery requests within 15 days. The parties must then meet and confer about any disputes over Defendants' responses and a reasonable time frame within which Defendants will begin producing documents. *See* LR 16-1(d) ("In all cases, the court may order the parties to meet and confer to discuss . . . any other matters the court deems appropriate.").

**V.      Proposed Discovery Plan and Scheduling Order (ECF No. 80)**

The Court reviewed the parties' proposed discovery plan and scheduling order. ECF No. 80. In its broad discretion to control discovery, the Court will deny both the parties' proposed discovery plans. Given the Court's ruling on the motion to stay discovery and the amount of time that has lapsed since the filing of the proposed discovery plan and scheduling order, the Court does not believe that either parties' proposed discovery plans are appropriate or feasible. Accordingly, the Court will order the parties to submit a new proposed discovery plan and scheduling order by May 6, 2021. The parties are advised that the Court does not believe that bifurcated discovery (wherein the parties only conduct discovery on Defendants' statute of limitations defense first) is best for this case. This is so because the Court is far from convinced that Defendants' statute of limitations defense will be decided in Defendants' favor on a motion for summary judgment. And in the absence of this outcome, this case will take an extraordinary amount of time to conclude. Additionally, the parties are advised that the Court hopes the parties can, at a minimum, agree on the "events" (e.g., completion of fact discovery, motion for class certification, etc.) they seek deadlines for (even if they do not agree on what the deadlines should be). In the absence of such an agreement, the Court will choose or create its own discovery plan and scheduling order.

**IT IS THEREFORE ORDERED** that Defendants' motion to stay discovery (ECF No. 77) is DENIED.

**IT IS FURTHER ORDERED** that Defendants' motion for a protective order (ECF No. 84) is DENIED without prejudice.

1    **IT IS FURTHER ORDERED** that Plaintiffs' motion to compel (ECF No. 91) is

2 GRANTED in part and DENIED in part as specified in this order.

3    **IT IS FURTHER ORDERED** that Defendants must amend their responses to Plaintiffs'

4 discovery requests within 15 days. The parties must then meet and confer about any disputes over

5 Defendants' responses and a reasonable time frame within which Defendants will begin

6 producing documents.

7    **IT IS FURTHER ORDERED** that the parties proposed discovery plan and scheduling

8 order (ECF No. 80) is DENIED.

9    **IT IS FURTHER ORDERED** that the parties must file a new proposed discovery plan

10 and scheduling order by May 6, 2021.

11    DATED: April 23, 2021

12

13    _____
       BRENDA WEKSLER
14    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28